■ JAMES J. MCGINTY, as Guardian ad Litem of SUSAN MCGINTY, an Infant, et al., Appellants, v. ROXBURY SKI CENTER, INCORPORATED, Respondent. — In a negligence action by an infant to recover damages for personal injuries arising from her use of a ski slide, and by her father for loss of services, the plaintiffs appeal from an order of the Supreme Court, Richmond County, dated December 11, 1959, dismissing the complaint by reason of their failure to submit to an examination before trial unless they submit to such examination within 90 days after service upon their attorney of a copy of the said order. Order modified on the law and the facts, so as to provide that the motion is granted unless the plaintiffs submit to an examination before trial within 60 days after the return of the infant plaintiff to the continental United States. As so modified, the order is affirmed, without costs. After the commencement of this action, the infant plaintiff was married. Thereafter her husband was inducted into the Armed Forces, and was sent to Germany, accompanied by his wife, the infant plaintiff. The notice for examination before trial was served subsequent to their departure from the United States. The infant plaintiff's husband's tour of duty in Germany is expected to be terminated in June or July, 1962. Defendant will be protected by the "statement of readiness rule" from being obliged to proceed to trial without having an opportunity to examine plaintiffs before trial. No facts are disclosed showing prejudice to defendant by postponement of the examination pending the infant plaintiff's return. On this record, we are of the opinion that it is onerous and presently unnecessary to compel the infant plaintiff to travel round trip across the ocean for this examination before trial (cf. *Holcomb* v. *Union Confectionery Mach. Co.*, 280 App. Div. 252). We are also of the opinion that under the particular circumstances here, it was an improvident exercise of discretion to grant an order having such an effect. If the infant plaintiff's absence from this continent is unreasonably protracted beyond the time of her expected return, defendant

may move, upon proper papers, to dismiss the complaint for failure to prosecute. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.